FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 06, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TORCHSTAR CORP., a California corporation,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>　　v.<br><br>HYATECH, INC., a Washington corporation,<br><br>　　　　Defendant/Counter-Claimant. | No. 2:22-CV-00110-SAB<br><br>**ORDER DENYING PLAINTIFF'S SPECIAL MOTION TO STRIKE** |

Before the Court is Plaintiff Torchstar Corp.'s Special Motion to Strike Pursuant to RCW 4.105.010, *et seq.*, ECF No. 27. The motion was considered without oral argument. Plaintiff is represented by Clifford Davidson, Dylan Burstein, and Jason Yu. Defendant is represented by Todd Reuter.

### Background Facts

On May 1, 2022, Plaintiff initiated this action. On July 20, 2022, it filed a Second Amended Complaint, asserting four causes of action: (1) tortious interference with business expectancy; (2) copyright infringement; (3) violation of California's Unfair Competition Law; and (4) Unfair Competition in violation of the Lanham Act. Plaintiff sells LED products on Amazon web marketplaces. Plaintiff alleges that Defendant copied essentially the entirety of its Amazon sales pages in order to sell the same produce on Amazon. Plaintiff alleges that

**ORDER DENYING PLAINTIFF'S SPECIAL MOTION TO STRIKE ~ 1**

Defendant copied the photographs as well as the product descriptions. Plaintiff also alleges that Defendant is unlawfully passing Plaintiff's goods off as its own. It asserts that Defendant used the "Hyatech" brand name to market and sell Plaintiff's LED products, which created a false impression that Defendant, not Plaintiff, was the origin of the LED products.

Defendant filed its Answer to the Second Amended Complaint on August 5, 2022, asserting a counterclaim for Tortious Interference with a Business Expectancy. Defendant asserts that Plaintiff had knowledge of its business expectancy in all its products being commercially available for sale on Amazon, and Plaintiff intentionally interfered with its business expectancy, through bad faith conducts including falsely accusing Defendant of copyright infringement on Plaintiff's marketing materials, while knowing that Plaintiff's marketing materials could not satisfy the minimum degree of creativity to qualify for copyright protection. It alleges that Plaintiff's intentional interference was through improper means and for an improper purpose by developing false accusations against it with an intent to destroy its business.

In support of its counterclaim, Defendant asserts the following: Plaintiff induced Amazon to de-list Defendant by doing the following: (a) by suggesting to Amazon that Plaintiff had copyright infringement claim against Defendant when no copyright was registered at the time and the validity of its alleged unregistered rights was dubious at best; (b) by basing its complaints on purported copyright protection in product descriptions that Plaintiff had itself copied from another seller who was in the market before Plaintiff; and (c) by asserting copyright protection in photographs even after Defendant had shown Plaintiff that Defendant's own photographer took Defendant's pictures.

Defendant asserts that Plaintiff registered its copyright with the U.S. Copyright Office only after Defendant filed its Answer and Counterclaim in June 2022. After it did, it then added a copyright infringement claim to its Amended

**ORDER DENYING PLAINTIFF'S SPECIAL MOTION TO STRIKE** ~ 2

Complaints.

Plaintiff now moves to dismiss Defendant's counterclaim pursuant to the Washington Uniform Public Expression Protection Act, Wash. Rev. Code §§ 4.105.010-.903 (the Washington anti-SLAPP statute). Plaintiff asserts Defendant's counterclaim is barred for three reasons: (1) both Plaintiff's report of copyright infringement to Amazon and its lawsuit against Defendant constitute protected communications in connection with judicial proceedings; (2) Defendant cannot establish a likelihood of success on its counterclaim because the *Noerr-Pennington* doctrine bars the claim and (3) Defendant cannot make out the required elements of a tortious interference claim. As Plaintiff sees it, Defendant's counterclaims are based on Plaintiff's prelitigation communications with Amazon and the instant lawsuit. Plaintiff asserts that Defendant is simply suing it for pursuing its right to petition this Court, which is what the UPEPA and the First Amendment protect.

## Applicable Law

### 1. Washington's Uniform Public Expression Protection Act

Washington was the first state to adopt the Uniform Public Expression Protection Act. The Uniform Public Expression Protections Act provides for early adjudication of baseless claims aimed at preventing an individual from exercising the constitutional right of free speech. *Jha v. Khan*, __ P.3d __, 2022 WL 16918101 (Wash. Ct. App. 2022).

The UPEPA applies to any claim asserted "against a person based on the person's:"

(a) Communication in a legislative, executive, judicial, administrative, or other governmental proceeding;
(b) Communication on an issue under consideration or review in a legislative, executive, judicial, administrative, or other governmental proceeding;
(c) Exercise of the right of freedom of speech or of the press, the right to assemble or petition, or the right of association, guaranteed by the United States Constitution or Washington state Constitution, on a matter of public concern.

**ORDER DENYING PLAINTIFF'S SPECIAL MOTION TO STRIKE** ~ 3

Wash. Rev. Code § 4.105.010(2).

There are certain exemptions that are enumerated in Wash. Rev. Code § 4.105.010(3)(a). Notably, this provision does not apply against a person primarily engaged in the business of selling or leasing good or services if the cause of action arises out of a communication related to the person's sale or lease of the goods or services. § 4.105.010(3)(a)(iii)

Section 4.105.060 provides the standards for ruling on a special motion to dismiss.

> (1) In ruling on a motion under RCW 4.105.020, the court shall dismiss with prejudice a cause of action, or part of a cause of action, if:
>     (a) The moving party establishes under RCW 4.105.010(2) that this chapter applies;
>     (b) The responding party fails to establish under RCW 4.105.010(3) that this chapter does not apply; and
>     (c) Either:
>         (i) The responding party fails to establish a prima facie case as to each essential element of the cause of action; or
>         (ii) The moving party establishes that:
>             (A) The responding party failed to state a cause of action upon which relief can be granted; or
>             (B) There is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the cause of action or part of the cause of action.

In ruling on a motion under § 4.105.020, the court shall consider the pleadings, the motion, any reply or response to the motion, and any evidence that could be considered in ruling on a motion for summary judgment under superior court civil rule 56. § 4.105.050.

**2.  *Noerr-Pennington* doctrine**

The *Noerr-Pennington* doctrine provides that "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929

**ORDER DENYING PLAINTIFF'S SPECIAL MOTION TO STRIKE ~ 4**

(9th Cir. 2006). It derives from the First Amendment's guarantee of "the right of the people . . . to petition the Government for a redress of grievances." *Id.* (quotation omitted).

On the other hand, the Ninth Circuit has instructed that neither the Petition Clause nor the *Noerr-Pennington* doctrine protects sham petitions. *Id.* Under the sham litigation exception, the party seeking to impose liability must establish both that the lawsuit, or petition is: (1) "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits" and (2) "an attempt to interfere directly with the business relationship of a competitor through the use of the governmental process—as opposed to the outcome of that process. *Rock River Commc'n, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 351 (9th Cir. 2014) (quotation omitted).

Whether the sham exception to the *Noerr-Pennington* doctrine applies is a question of fact and summary judgment on the defense is not appropriate where the facts are disputed. *Id.* at 352.

Recently, in an unpublished opinion, the Ninth Circuit held that while prelitigation settlement demands and cease-and-desist letters sent to potential defendants are immune from liability under the *Noerr-Pennington* doctrine, the doctrine does not apply to communications sent a third party and which did not propose or threaten litigation. *See Thimes Solutions, Inc. v. TP Link USA Corp.*, 2022 WL 1125628 (9th Cir. 2022).

**3.    Tortious Interference with a Business Expectancy**

To succeed on a claim for tortious interference, a plaintiff must prove (1) the existence of a valid contractual relationship or business expectancy; (2) the defendant's knowledge of and intentional interference with that relationship or expectancy; (3) a breach or termination of that relationship or expectancy induced or caused by the interference; (4) an improper purpose or the use of improper means by the defendant that caused the interference; and (5) resultant damage.

**ORDER DENYING PLAINTIFF'S SPECIAL MOTION TO STRIKE ~ 5**

*Eugster v. City of Spokane*, 121 Wash. App. 799, 811 (2004). Because a tortious interference claim requires wrongful conduct, the claimant must show "purposefully improper interference." *Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 131 Wash. 2d 133, 157 (1997). "Exercising in good faith one's legal interests is not improper interference." *Id*.

### Analysis

The Court finds that the *Noerr-Pennington* doctrine does not apply to Plaintiff's complaints to Amazon, a third-party. There is nothing in the record to suggest that these complaints, which were delivered solely to Amazon, proposed or threaten litigation. *See Thimes Solutions, Inc.*, 2022 WL 1125628 at *2. The Court does not believe a party has a constitutional right to "petition" Amazon for redress of grievances. That said, to the extent Defendant is seeking liability and damages because Plaintiff filed its lawsuit, the Court find that questions of fact exist whether certain claims that are being asserted by Plaintiff qualify as sham litigation.

The Court finds that § 4.105.060 does not apply because Plaintiff has not shown that Defendant failed to state a cause of action upon which relief can be granted—the Court finds it did—nor did Plaintiff prove there are no genuine issues as to any material facts.[1] On the contrary, there are genuine issues of material fact that prevent the Court from dismissing the counterclaim. Additionally, if the facts as alleged by Plaintiff are believed, a reasonable jury could find for Defendant on its counterclaim.

Finally, the Court does not find that any party is entitled to attorneys' fees pursuant to Wash. Rev. Code § 4.105.090.

---

[1] Based on these findings, the Court need not address the parties' arguments about whether Plaintiff met its burden under § 4.105.060(a) or whether Defendant met its burden under § 4.105.060(b).

**ORDER DENYING PLAINTIFF'S SPECIAL MOTION TO STRIKE ~ 6**

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff Torchstar Corp.'s Special Motion to Strike Pursuant to RCW 4.105.010, *et seq.*, ECF No. 27, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 9th day of January 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING PLAINTIFF'S SPECIAL MOTION TO STRIKE ~ 7**